**JOHNSON et al. v. MASONIC BLDG. CO.**

**No. 10748.**

Circuit Court of Appeals, Fifth Circuit.

Nov. 30, 1943.

Robert A. Persky, of Augusta, Ga., and Lucien H. Boggs, of Jacksonville, Fla., for appellants.

W. Inman Curry, of Augusta, Ga., for appellee.

Before SIBLEY, HUTCHESON, and McCORD, Circuit Judges.

SIBLEY, Circuit Judge.

The appellee owns a six-story office building in Augusta, Ga., the two upper floors of which are used for lodge purposes, and the remainder are rented out to numerous tenants for offices. Most of the tenants are professional or business men doing local business only. A few of the offices are used for executive offices of companies engaged in interstate business. Thus there were three railroad ticket agencies; and Merry Bros. Brick & Tile Company produces brick and tile for interstate shipment at its plant elsewhere in Augusta; and Southeastern Bituminous Company produces goods for commerce in a nearby plant. Appellee furnishes elevator and janitor service for all the floors, and heat in winter. Its employees engaged in such services sought to recover additional wages and overtime pay under the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq. The court found that they were not engaged in commerce or in the production of goods for commerce, and not covered by the Act; and denied recovery. They appeal.

As the record stands after settlement thereof by the District Judge, there is no evidence that any goods are produced for commerce in the building itself. The building employees are not doing any-

thing that is necessary to or even directly contributes to such production. The case is not like Kirschbaum v. Walling, 316 U.S. 517, 62 S.Ct. 1116, 86 L.Ed. 1638, where the building was devoted to the production of such goods. If the office men of Merry Bros. Brick & Tile Company, and Southeastern Bituminous Company can be said to be producers of goods, the appellants, employed by another employer with no especial reference to the business of any tenant, cannot be held to be so engaged because these tenants were producing goods elsewhere.

So as to commerce. The ticket agents of the railroads, and the office men of Merry Bros. Brick & Tile Company and Southeastern Bituminous Company who kept books, made invoices, collected accounts and the like touching their interstate shipments, were engaged in commerce. Fleming v. Jacksonville Paper Co., 5 Cir., 128 F.2d 395. Affirmed Walling v. Jacksonville Paper Co., 317 U.S. 564, 63 S.Ct. 332, 87 L.Ed. ——. But the servants in the building employed by another master and merely contributing to their comfort and convenience were not so employed, any more than were the hack drivers who transported them to and from work or the waiters who served them lunch. We adhere to the decision in Johnson v. Dallas Downtown Devel. Co., 5 Cir., 132 F.2d 287.

■■■ The appellant, after judgment in the District Court, sought under Rule of Civil Procedure 60(b), 28 U.S.C.A. following section 723c, because of mistake, surprise and excusable neglect, to open the judgment and to show that American Optical Company, one of the tenants, made eyeglasses and lenses and shipped them across State lines and that Weaver Standard Dental Laboratories made and shipped false teeth. The District Judge refused this relief, and error is specified on this ruling. The Rule provides the Court "may relieve". The matter lies in the discretion of the judge. We cannot say it was abused here. The appellants were paid all they contracted to get. Neither they nor their employer appear to have thought they were under the Act. There is no serious miscarriage of justice if by their neglect they have failed to get a windfall in past wages. We may say further that we hardly think the new evidence would change the matter. It is stretching the Act and the Kirschbaum case too far for us to say that an office building shall become a fac-tory because two among many tenants are found to be making some eyeglasses and false teeth. The appellants, moreover, could hardly prove that their service related to this activity and not to the activities of the other tenants, or what part of their time should be so apportioned.

Judgment affirmed.