STATE OF HAWAII *v.* HAWAIIAN DREDGING COMPANY,
ET AL., AND JUE ANAMI, DAVID KAKALIA,
KOMAYE OISHI, ET AL.

No. 4489.

July 17, 1967.

RICHARDSON, C.J., ABE, LEVINSON, JJ., AND
CIRCUIT JUDGE OGATA IN PLACE OF
MIZUHA, J., DISQUALIFIED, AND
CIRCUIT JUDGE DOI IN PLACE OF
MARUMOTO, J., DISQUALIFIED.

*Per Curiam.* This is an appeal from an order of the trial court denying a motion to reopen its judgment under H.R.C.P., Rule 60(b).

The record shows that a separate trial was held on May 28, 1959, in the Circuit Court of the First Judicial Circuit to determine the ownership of Kahakaaulana Island (R.P. 2335, L.C.A. 10611 to Puhene) being Parcel 1 as described in the amended complaint. Present at the trial was Arthur Spitzer, an attorney and Guardian ad Litem for Wilson Kupihea, an incompetent, one of the heirs of David Malo Kupihea who had filed an answer claiming ownership of Kahakaaulana Island prior to his death.

On June 29, 1959, said court entered a judgment that "[n]either David Malo Kupihea nor his heirs at law * * *" had any interest in and to Kahakaaulana Island and that the title to said island was vested in the Territory of Hawaii.

It seems that sometime in 1960 Matilda Anzai, daughter of said Wilson Kupihea, approached the trial judge, indicating that

she had some new evidence, and was advised to seek the services of an attorney. On March 11, 1964, she again presented herself before the trial judge and informed the judge that she had seen four or five attorneys but was unable to secure the services of any attorney. Thereupon, the trial court ruled that a motion to reopen had been timely made and over the objection interposed by the State, ordered a hearing on the motion. Hearings on the motion were held by the trial court on five separate days and the proceedings of these hearings are reported in 241 pages of transcript.

The record shows that the trial court, for the reason that the movant was not represented by an attorney at said hearings, was very lenient and obliging and every opportunity was given the movant to prove her claim.

Further, the record shows that the special deputy attorney general, who had tried the case for the State of Hawaii in the trial court, cooperated with the trial court at these hearings. The record does not in any way support or even suggest that he has been guilty of misrepresentation, fraud or misconduct as the attorney for the movant so recklessly asserts.

Upon review of the record, the transcript, and the briefs submitted, and the argument of counsel before this court, we are of the opinion that this appeal is without merit. The trial court has discretion to grant or deny a motion to reopen under H.R.C.P., Rule 60(b). No abuse of discretion has been shown on the part of the trial judge in denying the motion to reopen. *Bridoux* v. *Eastern Air Lines, Inc.*, 214 F.2d 207, 93 U.S. App. D.C. 369 (D.C. Cir. 1954), *cert. denied*, 348 U.S. 821, 75 S.Ct. 33, 99 L.Ed. 647; *Johnson* v. *Masonic Bldg. Co.*, 138 F.2d 817 (5th Cir. 1943), *cert. denied*, 321 U.S. 780, 64 S.Ct. 621, 88 L.Ed. 1072.

Appeal denied.

*Helen B. Ryan* for intervenor appellant (*Matilda Anzai*, guardian ad litem for *Wilson Kupihea*, an incompetent).

*Clinton R. Ashford*, Special Deputy Attorney General (*Bert T. Kobayashi*, Attorney General, with him on the brief) for petitioner-appellee.