WILDER WIGHT AND JOHN I. F. REPPUN *v.*
CLARA K. J. LUM, WILHELMINA H. J. PUAA,
EMMA K. MAKAHILAHILA, CHARLOTTE K.
ADAMS, HENRY H. BECKLEY, METCALF K.
BECKLEY, ALICE B. HARRIGAN, AMBROSE
HUTCHISON, HELEN YOSHIKO HUTCHISON,
CHRISTINE U. LAMSON, MABEL H. ARNOLD,
CHARLES K. HUTCHISON, JOHN H. MAGOON,
JOHN H. MAGOON, JR., ADELE W. MAGOON,
FANNY D. WARREN, EMMA DAMIEN, JOSEPH
LIMA, ALVERETTA K. KAMAILE, WYNONA M.
LAI, JULINE N. L. LIMA, NORMAN B. McGUIRE,
RACHEL DAVIS McGUIURE, ALSO KNOWN AS
RACHEL McGUIRE, MRS. JOSEPH DAVIS KU-
IA, ALSO KNOWN AS MRS. JOSEPH DAVIS
DOW, WALTER BROWN ROSEHILL, ALSO
KNOWN AS WALTER K. BROWN, LOUISE
MARGARET DE ARCE PYLE, ALSO KNOWN
AS HILDA DE A. PYLE, KENNETH M. WATA-
OKA, CLARA WATAOKA, ALLEN M. STEWARD,
LYDIE L. STEWARD, J. C. CARREIRO, ADMIN-
ISTRATOR OF THE ESTATE OF HENRIETTA
KAMOKU, DECEASED, LOUISE K. N. PAOA,
MAURICE DUDOIT, GUS NIHOA, IOSEPA MRS.
NAONE, KAHELE, KANEAKUA, MUKIKI, KAAI-
HUE, PA KAAIHUE, JOHN DOE SIXTH TO
JOHN DOE TENTH, INCLUSIVE, JANE DOE
THIRD TO JANE DOE TENTH, INCLUSIVE.

NO. 2984.

ARGUED NOVEMBER 28, 1956.          DECIDED DECEMBER 10, 1956.

RICE, C. J., STAINBACK AND MARUMOTO, JJ.

OPINION OF THE COURT BY MARUMOTO, J.

This is an appeal by petitioners from an order of the circuit judge dismissing their amended petition for partition of the Ahupuaa of Honomuni on Molokai insofar as it affects two kuleanas within the ahupuaa claimed by respondents Edna Damien, Joseph Lima, Jr., Alveretta K. Kamaile, Wynona M. Lai, Eleanor K. Lee and Juline N. L. Lima, being apanas 1 and 2 of land commission award 6561.

In the original petition, petitioners claimed an undivided 9.6825 percent interest each in the ahupuaa. They alleged that Joseph K. Lima, Jr., Alveretta K. Kamaile, Wynona M. Lai and Eleanor K. Lee owned, and Juline K. Lima had a vested right of dower in, apana 2; that all of them claimed an interest in apana 1; and that apana 1 has escheated to the ahupuaa.

Respondents filed an answer claiming ownership of apana 2 as alleged in the petition, and also claiming ownership of apana 1 and denying escheat of said apana to the ahupuaa.

Subsequently, the court issued an order requiring petitioners to furnish a bill of particulars regarding the allegation that apana 1 escheated to the ahupuaa and as to their version of the chain of title to said apana. Petitioners filed their bill of particulars in compliance with this order.

After the filing of the bill of particulars, petitioners,

by leave of court, filed an amended petition. This petition was complete in itself and did not refer to the original petition. In this amended petition, petitioners claimed an undivided 13.015 percent interest each in the ahupuaa. They alleged that one Iosepa Mrs. Naone and one Gus Nihoa claimed an interest in both kuleanas without right; that Iosepa Mrs. Naone died leaving no kindred surviving her and the kuleanas escheated to the ahupuaa; and that apana 1 has been abandoned and has been in the possession of the owners of the ahupuaa for more than ten years before the commencement of the suit.

Respondents did not object to the filing of the amended petition. Instead, they filed an answer thereto, and thereby put the allegations relating to their claim to the kuleanas in issue. Thereafter, they filed a motion for dismissal on the ground that the record and files disclosed that petitioners claimed title to the kuleanas by escheat and that petitioners would be unable to sustain their burden of proof as to the escheat.

The court granted the motion for dismissal. While the court did not state its reason for granting the motion in the order of dismissal, it appears from the certificate of the judge, filed as part of the record on this appeal, that the motion was granted on the ground that it was apparent from the bill of particulars filed by petitioners that they would be unable to sustain their burden of proof on the question of escheat and that counsel for petitioners, who is also one of the petitioners, evaded answering the court's question as to how he would prove death, without kindred surviving her, of one of the persons in the chain of title.

The lower court erred in granting the motion for dismissal on the basis of statements in the bill of particulars and before a hearing on the merits.

The filing of the amended petition, complete in itself and not referring to any prior pleading, without objection

by respondents, took the original petition out of the record and the amended petition became the sole statement of the petitioner's case. (*Wolbert* v. *Rief,* 71 A. [2d] 761; *Montgomery* v. *Drinkard Auto & Truck Co.,* 60 So. [2d] 823, 257 Ala. 685.) Subsequent proceedings in the case must be based on the amended petition and will not be aided by anything in the prior pleading. (*Brown Sheet Iron & Steel Co.* v. *Maple Leaf Oil & Refining Co.,* 68 F. [2d] 787.) The bill of particulars in this case was filed in connection with the allegations in the original petition. The filing of the amended petition deprived the bill of particulars of the basis on which it rested. (*Callahan* v. *Gilman,* 42 N. Y. Supp. 497.)

Section 12453 of the Revised Laws of Hawaii 1945 provides: "Whenever there is any conflict between the claims of the petitioner and any respondent, or between the claims of any respondents, as disclosed by their respective pleadings, the same shall, without further pleading, be taken as framing an issue." After an issue had been reached by the filing of the amended petition and the answer thereto, the amended petition should not have been dismissed without a hearing on the merits. (*Cocot* v. *Board of Commissioners of Cook County,* 273 Ill. App. 75.)

Reversed.

*Arthur H. Spitzer* (*Wilder Wight* on the briefs) for the appellants.

*John F. Dyer* (*Hogan, Jamieson, Dyer & Rothwell* on the brief) for appellees.