RICHARD E. WELTON, Plaintiff-Appellant *v.* FLORENCE GALLAGHER, Defendant-Appellee

NO. 7100

(CIVIL NO. 50559)

DECEMBER 9, 1982

RICHARDSON, C.J., NAKAMURA, J.,
CIRCUIT JUDGE MOON IN PLACE OF LUM, J.,
DISQUALIFIED AND RETIRED JUSTICES OGATA
AND MENOR, ASSIGNED TEMPORARILY

*Per Curiam.* This is an action by the plaintiff Richard E. Welton to replevy certain municipal bonds. Defendant Florence Gallagher defended on the ground that the plaintiff had given the bonds to her as a gift. The trial court agreed with the defendant and entered a judgment in her favor. The plaintiff appealed. The matter was thereafter assigned to the intermediate court of appeals for its

determination. It affirmed the decision of the trial court. *Welton v. Gallagher,* 2 Haw. App. 242, 630 P.2d 1077 (1981). One of the issues raised on appeal was whether the plaintiff-appellant had the mental capacity to make a valid gift. The appellate court, however, declined to entertain the question. It took the position that:

> [W]here a gift is properly pleaded in defense to an action, the donor's mental capacity will not be an issue at all unless it is affirmatively set up in the reply. *Holland v. Pearson,* 271 Ky. 115, 111 S.W.2d 581 (1937); 38 C.J.S. *Gifts* § 64 (1943). In the instant case, the issue of Mr. Welton's competency is raised for the first time on this appeal; it is contrary to the position he took below. Therefore, we decline to entertain the question. [2 Haw. App. at 247, 630 P.2d at 1082.]

We granted certiorari for the purpose of deciding (1) whether the appellate court erred in failing to consider the question, and (2) whether the trial court erred in finding that a valid gift had been made.

On the first point, the intermediate court of appeals clearly erred. Rule 7(a) of the Hawaii Rules of Civil Procedure expressly provides:

> Rule 7. PLEADINGS ALLOWED; FORM OF MOTIONS.
>
> (a) Pleadings. There shall be a complaint and an answer; a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if a person who was not an original party is summoned under the provisions of Rule 14; and a third-party answer, if a third-party complaint is served. No other pleading shall be allowed, except that the court may order a reply to an answer or a third-party answer.

In this case, the defendant-appellee's contention that the bonds were a gift was first presented in her "Answer to Complaint." Rule 7(a) clearly states that no responsive pleadings to an answer shall be allowed, except where ordered by the court. There was no court order for a reply in this case. Consequently, the intermediate appellate court's declination to entertain the issue of the plaintiff-appellant's mental capacity was error. *See also Mossman v. Haw'n Tr. Co., Exec.,* 45 Haw. 1, 361 P.2d 374 (1961).

On the second point, we find that the trial court did not err when

it concluded that the plaintiff-appellant had made a valid gift of the bearer bonds to the defendant-appellee.[1] We have reviewed the record and the transcript of the proceedings and are satisfied that the trial court's findings of fact and conclusions of law are supported by substantial evidence. The weight and credibility of testimony is for the trial court to determine, *Molokoa Village Development Co. v. Kauai Electric Co., Ltd.*, 60 Haw. 582, 593 P.2d 375 (1979), and its findings of fact will not be set aside unless found to be clearly erroneous. H.R.C.P. Rule 52(a).

The judgment of the circuit court is affirmed.

*Jack C. Morse* for plaintiff-appellant.

*Gene Bridges* for defendant-appellee.

---

[1] The plaintiff-appellant at trial proposed the following finding:

Even if Defendant's testimony that Plaintiff handed her the bonds "with no strings attached" was believed, Plaintiff was at that time incapable of forming the intent to make the gift because of his depressed state of mind and/or his alcoholic consumption.

This proposal was not accepted by the trial court.