45 P.3d 359

BENEFICIAL HAWAI'I, INC.
a Delaware corporation,
Plaintiff–Appellee,

v.

Billy George CASEY, Jr. and Kana-
niokuuhome H.K. Casey, De-
fendants–Appellants,

v.

Bank of America National Trust and
Savings Association dba Honolulu
Mortgage, Defendant–Appellee,

and

Zions Securities Corporation, Danny Har-
ris Jenkins, United States of America,
John Does 1–50, Jane Does 1–50, Doe
Partnerships Doe Corporations, Doe En-
tities and Doe Governmental Units 1–50,
Defendants.

No. 22829.

Supreme Court of Hawai'i.

April 18, 2002.

Reconsideration Denied May 9, 2002.

Billy George Casey Jr. and Kananiokuuhome H.K. Casey. defendants-appellants, appearing pro se.

James E.T. Koshiba, Charles A. Price, Honolulu, and Lisa Ann Gruebner (of Koshiba, Agena & Kubota), for plaintiff-appellee Beneficial Hawai'i, Inc.

William A. Cardwell and Patricia J. McHenry, Honolulu, (of Cades Schutte Fleming & Wright), for defendant-appellee Bank of America National Trust and Savings Association dba Honolulu Mortgage.

MOON, C.J., LEVINSON, NAKAYAMA, RAMIL, and ACOBA, JJ.

Opinion of the Court by MOON, C.J.

Defendants-appellants Billy George Casey, Jr. and Kananiokuuhome H.K. Casey (the Caseys) appeal from the October 5, 1999 order and judgment entered thereon of the First Circuit Court, Honorable Kevin S.C. Chang presiding, denying their Hawai'i Rules of Civil Procedure (HRCP) Rule 60(b) motion, seeking to vacate the circuit court's earlier decree of foreclosure pursuant to a judicial sale in this mortgage foreclosure case. The Caseys argue that the circuit court lacked personal jurisdiction over them because: (1) it permitted plaintiff-appellee Beneficial Hawai'i, Inc. (Beneficial) to serve the Caseys with a first amended complaint rather than the original complaint; (2) the Caseys were not served with Beneficial's motion for summary judgment; and (3) it failed to notify them of a change in the location of courtrooms and judges to which the foreclosure action was assigned. The Caseys also argue that the circuit court erred by: (1)

permitting Beneficial and defendant-appellee Bank of America (BOA) to use copies of loan documents in the foreclosure action, rather than the original notes, as required by Hawai'i Revised Statutes (HRS) chapter 490 (The Uniform Commercial Code), article 3 (Negotiable Instruments); and (2) committing various other errors in confirming the foreclosure sale and enforcing a writ of possession. For the reasons discussed herein, we affirm the circuit court's judgment.

## I. BACKGROUND

In June 1992, the Caseys executed and delivered to Honolulu National Mortgage Company a promissory note for $150,000 that was secured by a mortgage for property they owned at 53–416G Kamehameha Highway, Hau'ula, Hawai'i. The note and mortgage were eventually assigned to BOA. In November 1992, the Caseys took out a second mortgage on their property for an additional $150,000 with Beneficial. The Caseys defaulted on both loans.

Beneficial filed a complaint in the First Circuit Court on July 8, 1997 against the Caseys and other parties holding an interest in the property,[1] seeking judgment on the note, foreclosure of the mortgage, an order of sale, permission to bid at the foreclosure sale, and, if applicable, a deficiency judgment. The complaint was never served upon the Caseys. Instead, on August 8, 1997, Beneficial filed a first amended complaint seeking the same relief as the original complaint; the only significant difference between the two was that Beneficial had not properly identified BOA as a defendant in the original complaint. The circuit court's

summons accompanying the first amended complaint provided the Caseys with twenty days to respond. The Caseys acknowledge that the first amended complaint and summons was properly served upon them on September 27, 1997.

On October 9, 1997, BOA answered and filed counterclaims and cross-claims against Beneficial and the Caseys, respectively, seeking first priority to the proceeds of the foreclosure sale. These documents were served upon the Caseys on October 29, 1997. The Caseys did not file an answer to either Beneficial's complaint or BOA's cross-claim. Beneficial and BOA filed motions for summary judgment, which were scheduled for hearing on December 1, 1997 and December 15, 1997, respectively, before the Honorable Virginia Lea Crandall. Both motions were served upon the Caseys by mail. Prior to the hearing dates, the motions were transferred to other judges by minute order; however, the date and time of the hearings were not changed. The Caseys did not appear at either hearing.

On January 16, 1998, the circuit court entered summary judgment against the Caseys, which (1) included (a) a decree of foreclosure and (b) an order of sale, (2) authorized Beneficial to bid at the sale, and (3) determined that Beneficial was entitled to a deficiency judgment if the sale proceeds were insufficient to cover its note [hereinafter, collectively, the foreclosure decree]. The foreclosure decree was certified for appeal pursuant to Hawai'i Rules of Civil Procedure (HRCP) Rule 54(b) (1972).[2] The Caseys did not appeal from the foreclosure decree.

---

1. Other parties involved in the case that do not have an interest on appeal and are not material to the outcome of the appeal are not discussed.

2. HRCP Rule 54(b) states:
 *Judgment Upon Multiple Claims or Involving Multiple Parties.* When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or oth-

er form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

Although we refer to the 2000 version of HRCP Rule 54(b) and several other court rules cited herein, the language of the rules in effect at the time the Caseys filed their motions was identical except for changes making the language gender neutral.

Approximately six months later, in August 1998, the property was sold to Beneficial at a public auction for $270,000. The circuit court confirmed the sale by an order entered December 30, 1998 [hereinafter, confirmation order] and entered judgment thereon. Following payment of various fees and costs of sale, BOA, as the senior mortgagee, recovered all of its outstanding debt from the proceeds of the sale; Beneficial, as the junior mortgagee, did not. The court ordered the remaining sale proceeds paid to Beneficial "in partial payment of the amounts owed to Beneficial as determined by this Court." The confirmation order was certified for appeal pursuant to HRCP Rule 54(b), and the Caseys timely filed a notice of appeal from the December 30, 1998 judgment. The appeal was docketed as No. 22248.

Meanwhile, on December 22, 1998, the Caseys filed a HRCP Rule 60(b) (2000) motion,[3] seeking to "set aside" the original January 16, 1998 foreclosure decree. In their motion, the Caseys argued that, because they had not been served with the original complaint filed by Beneficial on July 8, 1997, the circuit court did not have personal jurisdiction over them and that, therefore, the foreclosure decree was void. The Caseys also argued that they had not been served with Beneficial's motion for summary judgment and that the mortgagees had failed to prove that they were the valid holders of the notes the Ca-

seys had signed because the mortgagees had not provided the court with the original loan documents. A hearing was set for the Caseys' HRCP Rule 60(b) motion before Judge Chang on March 1, 1999. On that date, however, Judge Chang continued the Caseys' motion pending resolution of the appeal of the confirmation order in No. 22248.[4]

On April 5, 1999, this court dismissed the appeal in No. 22248 as premature, ruling that "the second part of the foreclosure case has not been finally decided because a deficiency judgment has not been entered" on the amount owed to Beneficial. Following this court's dismissal of the appeal, the Caseys again filed their HRCP Rule 60(b) motion in the circuit court on May 5, 1999, repeating the same arguments they had made in their earlier motion and additionally asserting that (1) HRCP Rule 15(a) did not permit Beneficial to amend its initial complaint in the manner in which it did, and (2) they were not aware of the circuit court's minute orders transferring the summary judgment motions to another judge until February 1998. In their averments concerning the latter contention, the Caseys did not state that they had attempted to appear at either of the December 1997 summary judgment proceedings or that they were misled or confused as to the proper courtroom location of the hearings.

3. HRCP Rule 60(b) states:

*Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc.* On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment,

order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to set aside a judgment for fraud upon the court. Writs of *coram nobis, coram vobis, audita querela,* and bills of review and bills in the nature of a bill of review, are abolished, and the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action.

4. There is no written order in the record explaining Judge Chang's March 1, 1999 ruling. The court's minute record indicates that "pending the notice of appeal in this case, this matter was stayed." The Caseys and BOA state in their opening and answering briefs, respectively, that Judge Chang continued the hearing because he believed that the circuit court had lost jurisdiction due to the fact that the Caseys appealed the confirmation order.

On October 5, 1999, Judge Chang denied the Caseys' motion, ruling that it was "without legal or factual merit" because the first amended complaint and summons, BOA's cross-claim and summons, and the motions for summary judgment were properly served and because the Caseys' motion was untimely. The Caseys timely appealed the court's October 5, 1999 order, which is the subject of the instant case. In opposition to the Caseys' jurisdictional statement,[5] Beneficial and BOA asserted that this court did not have jurisdiction over the Caseys' appeal because the circuit court lacked jurisdiction to consider their HRCP Rule 60(b) motion in the first place due to the untimeliness of the motion. BOA and Beneficial submit that, if the circuit court lacked jurisdiction in the first instance, then this court also necessarily lacks jurisdiction to review the circuit court's order.[6] In an order issued December 8, 1999, this court retained jurisdiction in order to decide the jurisdictional issues raised. Relying upon language in *Hoge v. Kane*, 4 Haw.App. 246, 663 P.2d 645 (1983), which suggested that the circuit court's October 5, 1999 order may have represented the final judgment in the case, this court also ordered that the Caseys could address points of error in their opening brief related to the confirmation order that had been dismissed in No. 22248.

## II. *STANDARDS OF REVIEW*

### A. *Jurisdiction*

 The question whether the circuit court had jurisdiction to entertain the Caseys' HRCP Rule 60(b) motion is a question of law that this court considers de novo. *See In re Doe*, 96 Hawai'i 272, 283, 30 P.3d 878, 889 (2001).

### B. *HRCP Rule 60(b) Motion*

 The circuit court's disposition of an HRCP Rule 60(b) motion is reviewed for abuse of discretion. *See Hawaii Housing Authority v. Uyehara*, 77 Hawai'i 144, 151,

883 P.2d 65, 72 (1994); *State v. Hawaiian Dredging Co.*, 50 Haw. 49, 50, 430 P.2d 319, 321 *reh'g denied*, 50 Haw. 84, 431 P.2d 296 (1967), *cert. denied, Anzai v. Hawaii*, 390 U.S. 965, 88 S.Ct. 1073, 19 L.Ed.2d 1167 (1968).

> The trial court abuses its discretion if it bases its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence. Stated differently, an abuse of discretion occurs where the trial court has clearly exceeded the bounds of reason or disregarded rules or principles of law or practice to the substantial detriment of a party litigant.

*Molinar v. Schweizer*, 95 Hawai'i 331, 335, 22 P.3d 978, 982 (2001) (citation omitted).

## III. *DISCUSSION*

### A. *Jurisdiction*

 Appellate jurisdiction is a base requirement in order for this court to resolve an appeal, and this court has an obligation to determine that such jurisdiction exists. *See Price v. Obayashi Hawaii Corp.*, 81 Hawai'i 171, 174–75, 914 P.2d 1364, 1367–68 (1996). This determination entails a question of law. *CRSC, Inc. v. Sage Diamond Co., Inc.*, 95 Hawai'i 301, 304, 22 P.3d 97, 100 (App.2001) (citation omitted).

### 1. Jurisdiction to Determine Circuit Court Jurisdiction

 In their jurisdictional statements, Beneficial and BOA [hereinafter, collectively, the appellees] suggest that this court does not have jurisdiction to review the circuit court's denial of the Caseys' HRCP Rule 60(b) motion because the circuit court lacked jurisdiction to consider the motion in the first place. The appellees' contention is incorrect because, even "though a lower court is found to have lacked jurisdiction, we have jurisdiction here on appeal, not of the merits, but for the purpose of correcting an error in jurisdic-

---

**5.** Hawai'i Rules of Appellate Procedure (HRAP) Rule 12.1(a) (2000) states:

> *Filing.* Within 10 days after the record on appeal is filed each appellant and cross-appellant shall file a statement of jurisdiction. Any appellee contesting jurisdiction may file a

statement contesting jurisdiction within the same period.

**6.** BOA actually argued that this court lacks jurisdiction to review the circuit court's denial of some, not all, of the Caseys' claims. The difference is not material to the resolution of this case.

tion." *Bush v. Hawaiian Homes Comm'n,* 76 Hawai'i 128, 133, 870 P.2d 1272, 1277 (1994) (citation and internal quotation marks omitted). Accordingly, this court retains jurisdiction in this case.

### 2. Appellate Jurisdiction in Mortgage Foreclosure Cases

■ This court has previously noted that "foreclosure cases are bifurcated into two separately appealable parts: (1) the decree of foreclosure and the order of sale, if the order of sale is incorporated within the decree; and (2) all other orders." *Security Pacific Mortg. Corp. v. Miller,* 71 Haw. 65, 70, 783 P.2d 855, 857 (1989); *see also Hoge v. Kane,* 4 Haw.App. 246, 247, 663 P.2d 645, 646–47 (1983). A litigant who wishes to challenge a decree of foreclosure and order of sale may—and, indeed, must—do so within the thirty day period following entry of the decree or will lose the right to appeal that portion of the foreclosure proceeding. *See International Sav. and Loan Ass'n, Ltd. v. Woods,* 69 Haw. 11, 20, 731 P.2d 151, 157 (1987). Additionally, the litigant who does not timely challenge the circuit court's ruling accompanying a foreclosure decree that also determines the mortgagee's right to a deficiency judgment forfeits appellate review of the circuit court's determination of *liability* for the deficiency judgment, although the litigants may still challenge the *amount* of the deficiency following subsequent entry of final orders in the proceedings. *Security Pacific,* 71 Haw. at 71–72, 783 P.2d at 858. The rationale for permitting (and requiring) an appeal of a foreclosure decree and its accompanying orders, even though there may be additional proceedings remaining in the circuit court, is that a foreclosure decree falls within that small class of orders "which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." *International Sav.,* 69 Haw. at 15, 731 P.2d at 154 (citing *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 546, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949)) (internal quotations omitted).

■ In this case, the Caseys seek review of the circuit court's order denying their HRCP Rule 60(b) motion pertaining to the foreclosure decree. The Caseys' HRCP Rule 60(b) motion did not challenge the circuit court's orders dealing with matters subsequent to the foreclosure decree, such as the confirmation of sale or the issuance and enforcement of the writ of possession, all of which would have to wait until entry of the circuit court's final order in the case. *See Security Pacific,* 71 Haw. at 71–72, 783 P.2d at 858. A HRCP Rule 60(b) motion pertaining exclusively to a foreclosure decree seeks to relieve the movant of its effect; therefore, we hold that the circuit court's entry of judgment disposing of such a HRCP Rule 60(b) motion is a final, appealable order. Consequently, a notice of appeal from the circuit court's disposition of a HRCP Rule 60(b) motion relating to the matters finally determined in a foreclosure decree may—and indeed must—be filed within thirty days of the entry of the HRCP Rule 60(b) judgment in order for appellate jurisdiction to exist, notwithstanding the status of proceedings subsequent to a foreclosure decree. Accordingly, we clarify that the language in *Security Pacific* and *Kane,* stating that the second appealable portion of a foreclosure action consists of "all other orders," does not refer to orders disposing of HRCP Rule 60(b) motions that relate to a final foreclosure decree and its accompanying final orders.[7] With the

---

**7.** We recognize that our holding today conflicts with the past practice of this court. In unpublished orders, we have previously dismissed appeals from HRCP Rule 60 motions relating to a final foreclosure decree and its accompanying final orders (foreclosure judgment) as premature on the ground that the second portion of the foreclosure process was not final. Therefore, in the interests of fairness, we hold that, if the second portion of the foreclosure process is not yet final in any of the cases where we previously dismissed an appeal from an HRCP Rule 60 motion, the appellant may either (1) adhere to this court's previous order in the case and file a notice of appeal of the HRCP Rule 60 determination within thirty days of entry of the final judgment in the second portion of the foreclosure proceeding, or (2) move this court to reinstate the appeal, provided that such motion is made no later than thirty days after entry of the final judgment in the second portion of the foreclosure proceeding.

foregoing principles in mind, we address the jurisdictional status of the Caseys' HRCP Rule 60(b) motions.

### 3. Jurisdictional Status of the Caseys' HRCP Rule 60(b) Motions

 The Caseys filed two HRCP Rule 60(b) motions. As previously stated, the first motion was filed on December 22, 1998, approximately eleven months after the foreclosure decree was entered. As reflected in the discussion *supra*, this motion related directly to the foreclosure decree, rather than to the second "appealable part" of the entire foreclosure proceeding. Accordingly, Judge Chang did have jurisdiction to consider the motion on March 1, 1999, because the appeal in No. 22248 that was pending in this court at that time pertained to the confirmation order that occurred in the "second part" of the foreclosure proceeding and did not involve the foreclosure decree. Nevertheless, the issues raised by the Caseys in their December 1998 motion were all included in their second HRCP Rule 60(b) motion, filed on May 5, 1999, which the circuit court expressly denied and which is now properly before this court on appeal. We now address these issues. In so doing, we also consider any issue fairly construed as being brought pursuant to HRCP Rule 60(b)(1) through (b)(3), which must be brought within one year, as

timely filed because the Caseys' December 1998 motion was filed within one year of the foreclosure decree.

### B. *The Caseys' HRCP Rule 60 Arguments*

#### 1. Beneficial's First Amended Complaint and the Circuit Court's Personal Jurisdiction over the Caseys

The Caseys contend that, pursuant to HRCP Rule 15(a), Beneficial could not amend its original complaint without first serving the Caseys with it. The Caseys submit that the failure to serve them with the original complaint means that the circuit court lacked personal jurisdiction over them and that, therefore, the resulting foreclosure decree is void.[8] This contention is without merit.

 HRCP Rule 15(a) (2000) states:

*Amendments.* A party may amend the party's pleading once as a matter of course at any time *before a responsive pleading is served* or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and

---

We also recognize that some litigants may have previously intended to appeal from an HRCP Rule 60 order pertaining to a foreclosure judgment, but are awaiting entry of final judgment in the second portion of the foreclosure proceedings due to the previous practice of this court. Accordingly, any appeal taken more than thirty days from an HRCP Rule 60 order filed *after* entry of a foreclosure judgment but *on or before* the date of this opinion will not be considered untimely, provided that such appeal is: (1) filed within thirty days of entry of final judgment in the second half of the foreclosure proceeding; and (2) accompanied by an affidavit stating that the failure to timely appeal was due to reliance on this court's previous practice of requiring the second portion of the foreclosure process to be final before such appeals would be permitted. After the date of this opinion, litigants appealing from an HRCP Rule 60 order entered after today must, in order to preserve their right to appeal, file their notice of appeal within thirty days of the filing of the HRCP Rule 60 order.

8. It is highly doubtful that the Caseys should be permitted to raise the issue of personal jurisdiction at this point because they probably waived

it. Subsequent to the entry of the foreclosure decree and before the Caseys filed their HRCP Rule 60(b) motion in December 1998, they filed several motions and documents with the circuit court in the foreclosure proceeding, in which they did not raise the personal jurisdiction issue. Two of the documents in particular describe separate stipulations that the Caseys entered into with BOA and Beneficial in federal bankruptcy proceedings, in which they agreed that the mortgagees were entitled to have a stay, which had been imposed on the foreclosure proceedings by the bankruptcy court, lifted. Pursuant to HRCP Rule 12(h)(1)(2000), a defense of lack of personal jurisdiction, insufficiency of process, or insufficiency of service of process is waived if it is not raised in the first responsive pleading. Although the several motions and documents that the Caseys filed prior to the time they raised personal jurisdiction defenses were technically not "responsive pleadings," the Caseys' conduct in participating throughout the second part of the foreclosure proceeding strongly suggests that they waived this defense.

leave shall be freely given when justice so requires. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders.

(Latter emphasis added.) The Caseys contend that the language in HRCP Rule 15(a) permitting a plaintiff to amend a complaint any time "before a responsive pleading is served" mandates that Beneficial could amend its original complaint *only if* it served the Caseys with the original complaint. There is no such requirement in HRCP Rule 15(a). *See Ahmad v. Independent Order of Foresters*, 81 F.R.D. 722 (E.D.Pa.1979) (rejecting a contention identical to that put forth by the Caseys in interpreting Federal Rule of Civil Procedure (FRCP) Rule 15(a), which is substantially similar to HRCP Rule 15(a)).[9] For the purposes of HRCP Rule 15(a), the only relevant fact is that the Caseys had not served a responsive pleading before Beneficial's amendment; it is immaterial that the Caseys could not have done so.

■ As required by HRCP Rule 5(a) (1997), the Caseys were properly served with the amended complaint and summons.[10] As long as the Caseys were permitted the same amount of time to respond to the amended complaint as they would have had to respond to the original complaint, they were not prejudiced. HRCP Rule 12(a)(1) (2000) provides in relevant part that "[a] defendant shall serve an answer within 20 days after being served with the summons and complaint[.]" The summons that accompanied the first amended complaint provided the Caseys with twenty days to respond; accordingly, they were not prejudiced. Finally, an amended petition supercedes the original petition and renders the original petition of no legal effect. *See Wight v. Lum*, 41 Haw. 504, 506–07

(1956). It would make no sense to require a party to serve a legal document—in this case, Beneficial's original complaint, when the document or the service thereof would have no legal effect. For the foregoing reasons, we hold that the circuit court did not err in ruling that the Caseys were properly served with the first amended complaint and summons and that therefore the circuit court properly exercised jurisdiction over them.

### 2. Beneficial's Motion for Summary Judgment

■ The Caseys claim that they were not served with Beneficial's motion for summary judgment. In denying their HRCP Rule 60(b) motion, the circuit court expressly found that the Caseys were properly served. The weight and credibility of evidence is for the circuit court to determine and its findings of fact will not be set aside unless they are clearly erroneous. *See Welton v. Gallagher*, 65 Haw. 528, 530, 654 P.2d 1349, 1351 (1982); *Molokoa Village Dev. Co., Ltd. v. Kauai Elec. Co., Ltd.*, 60 Haw. 582, 592, 593 P.2d 375, 382 (1979). This is particularly true on review of the circuit court's disposition of a HRCP Rule 60(b) motion. The Caseys offer no argument for why the circuit court's finding is clearly erroneous. Accordingly, we hold that the circuit court did not err in ruling that the Caseys were properly served with Beneficial's summary judgment motion.

### 3. Change in Judges and Location of Courtrooms

■ The Caseys argue that they were denied due process of law because the summary judgment motions were transferred to different judges who were located in different courtrooms. In neither of their arguments or affidavits accompanying their HRCP Rule 60(b) motions do the Caseys contend that they attempted to appear for either of the hearings but were misled or

---

**9.** Where, as with HRCP Rule 15(a), a HRCP is patterned after an equivalent rule within the FRCP, interpretations of the rule by the federal courts are deemed to be highly persuasive in the reasoning of this court. *Wong v. Takeuchi*, 88 Hawai'i 46, 52 n. 4, 961 P.2d 611, 617 n. 4 (1998) (citing *Collins v. South Seas Jeep Eagle*, 87 Hawai'i 86, 88, 952 P.2d 374, 376 (1997)); *Gold v. Harrison*, 88 Hawai'i 94, 105, 962 P.2d 353,

364 (1998) (citing *Kawamata Farms v. United Agri Products*, 86 Hawai'i 214, 255, 948 P.2d 1055, 1096 (1997)).

**10.** HRCP Rule 5(a) requires that "every pleading subsequent to the original complaint ... shall be served upon each of the parties[.]"

confused as to their location. Accordingly, we hold that the circuit court did not err in denying the Caseys' due process claim.

### 4. Original Loan Documents

 The Caseys contend that, pursuant to article 3—Negotiable Instruments—of the Uniform Commercial Code (UCC), Beneficial and BOA were required to proffer original loan documents to the circuit court, and not copies. The Caseys do not explain why they are entitled to relief under any of the provisions of HRCP Rule 60(b) for this alleged defect. The Caseys do not contend that, pursuant to HRCP Rule 60(b)(1), they failed to raise this argument earlier due to "mistake, inadvertence, surprise, or excusable neglect." They do not contend that their argument involves "newly discovered evidence" pursuant to HRCP Rule 69(b)(2). They do not explain, pursuant to HRCP Rule 60(b)(3), how their argument implicates fraud, misrepresentation or other misconduct on the part of the appellees. As to HRCP Rule 60(b)(4), even if the Caseys' argument concerning the UCC were correct, it would not render the circuit court's judgment void. Similarly, the Caseys do not explain how HRCP Rule 60(b)(5) or HRCP Rule 60(b)(6) is applicable to their case. Accordingly, we hold that the circuit court did not abuse its discretion in denying the Caseys' HRCP Rule 60(b) motion based on their UCC argument.

### 5. Remaining Allegations of Error

In its December 8, 1999 order, this court permitted the Caseys to address allegations of error related to the confirmation of sale, issuance of a writ of possession and enforcement thereof, and other matters arising subsequent to the foreclosure decree in the event that its jurisdictional decision would permit consideration of these issues. Accordingly, the Caseys asserted points of error related to these latter issues. However, we decline to address these points of error at this time because the record does not demonstrate that a final judgment has been entered in the second portion of the foreclosure proceeding.

### IV. CONCLUSION

Based on the foregoing, we affirm the circuit court's judgment entered October 5, 1999 denying the Caseys' HRCP Rule 60(b) motion.