**Electronically Filed
Intermediate Court of Appeals
CAAP-20-0000421
21-JUN-2023
08:03 AM
Dkt. 32 SO**

NO. CAAP-20-0000421

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR
STRUCTURED ASSET INVESTMENT LOAN TRUST, MORTGAGE PASS-
THROUGH CERTIFICATES SERIES 2006-3,
Plaintiff-Appellee,
v.
KRISTIN KAY MEYER,
Defendant-Appellee,
and
JOHN HAYWORTH,
Applicant for Intervention-Appellant,
and
JOHN DOES 1-50, JANE DOES 1-50, DOE PARTNERSHIPS 1-50,
DOE CORPORATIONS 1-50, DOE ENTITIES 1-50, AND
DOE GOVERNMENTAL UNITS 1-50,
Defendants


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO.  1CC131001407)


SUMMARY DISPOSITION ORDER
(By:  Leonard, Presiding Judge, Wadsworth and Nakasone, JJ.)

Applicant for Intervention-Appellant John Hayworth
(**Hayworth**), self-represented, appeals from the (1) "Order Denying
Motion to Intervene and Set Aside, Filed October 28, 2019 and
Striking of Answer and Counterclaim Filed on October 28, 2019"
(**Order Denying Motion to Intervene**); and (2) "Order Denying Non-
Party John Hayworth's Motion to Rehear Motion to Intervene and

Set Aside Filed October 28, 2019" (**Order Denying Motion to Rehear**),[1] both filed on July 6, 2020 by the Circuit Court of the First Circuit (**Circuit Court**).[2]

On appeal, Hayworth contends that the Circuit Court erred by: (1) entering an August 20, 2019 foreclosure decree and judgment in favor of Plaintiff-Appellee U.S. Bank National Association, as Trustee for Structured Asset Investment Loan Trust, Mortgage Pass-Through Certificates, Series 2006-3 (**US Bank**); (2) finding that US Bank had standing to foreclose, and challenging various Findings of Fact and Conclusions of Law in the August 20, 2019 foreclosure decree; and (3) denying Hayworth's Motion to Intervene and Motion to Rehear.[3]

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised, we affirm.

On August 20, 2019, the Circuit Court entered a foreclosure decree and judgment against Defendant-Appellee Kristin Kay Meyer (**Meyer**) and all defendants, foreclosing on real property located on Moua Street in Waiʻanae, Hawaiʻi (**Property**). Hayworth was not a party to the foreclosure proceeding.

No party appealed from the August 20, 2019 foreclosure decree and judgment.

On October 28, 2019, Hayworth filed as a non-hearing motion, the Motion to Intervene under Hawaiʻi Rules of Civil Procedure (**HRCP**) Rule 24(a),[4] asserting that he had an interest

---

[1]     Hayworth's Notice of Appeal attaches a May 1, 2020 minute order denying Hayworth's Motion to Rehear. It is clear from the Opening Brief that he also appeals from the November 26, 2019 minute order denying the Motion to Intervene. On July 6, 2020, the Circuit Court filed written orders denying both motions. We construe Hayworth's appeal to include both of these orders.

[2]     The Honorable Jeannette H. Castagnetti presided.

[3]     We have restated and consolidated Hayworth's points of error for clarity.

[4]     HRCP Rule 24, entitled "Intervention," states in relevant part:

> **(a) Intervention of Right.** Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action
>
> (continued...)

in the Property and a right to intervene based on "pre-existing Hawaiian Kingdom Law[.]"  Hayworth also filed an "Intervener's [sic] Answer and Counterclaim" and "Amended Counterclaim."  The Circuit Court denied the Motion to Intervene and struck Hayworth's Answer and Counterclaim in a November 26, 2019 minute order.

On April 8, 2020, Hayworth filed the Motion to Rehear, which the Circuit Court denied in a May 1, 2020 minute order.

On July 6, 2020, the Circuit Court filed its Order Denying Intervention, striking Hayworth's "Answer and Counterclaim" because he was "not a party to [the] action."  The Circuit Court also filed its Order Denying Motion to Rehear on the same date.  Hayworth timely appealed both orders.

As to Hayworth's contentions **(1)** and **(2)**, we do not have jurisdiction to consider his challenge to the August 20, 2019 foreclosure decree and judgment.  Generally, a party who wishes to challenge a decree of foreclosure must do so "within the thirty day period following entry of the decree or will lose the right to appeal that portion of the foreclosure proceeding." Beneficial Hawaii, Inc. v. Casey, 98 Hawaiʻi 159, 165, 45 P.3d 359, 365 (2002) (citation omitted).  No party appealed the August 20, 2019 foreclosure decree and judgment, and it is not eligible for appellate review.  See Mortg. Elec. Registration Sys. Inc. v. Wise, 130 Hawaiʻi 11, 17, 304 P.3d 1192, 1198 (2013) (holding that a foreclosure judgment becomes "final and binding" when the time for appealing the judgment passes without an appeal being taken).  Hayworth, as a non-party filing an October 28, 2019 Motion to Intervene, cannot challenge the August 20, 2019 foreclosure decree and judgment, which became final and binding when no party appealed from it.  See id.

---

[4](...continued)
and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

**(3)** Hayworth argues that the Circuit Court erred when it denied his Motion to Intervene because he had an interest in the Property.  Hayworth's argument appears to rely on his assertion that he "took possession" of the Property when it was "vacant or abandoned"; and he is an "heir" to the Property and entitled to possession of the same as a Native Hawaiian, through a Hawaiian Kingdom Royal land patent to "Abner Paki in 1855" based on "Hawaiian judicial precedent."

An order denying a motion to intervene pursuant to HRCP Rule 24(a) is reviewed "under the right/wrong standard."  Hoopai v. Civil Serv. Comm'n, 106 Hawaiʻi 205, 216, 103 P.3d 365, 376 (2004) (ctation omitted).  We consider four factors in determining intervention pursuant to HRCP Rule 24(a)(2), including:

> (1) "whether the application was timely"; (2) "whether the intervenor claimed an interest relating to the property or transaction which was the subject of the action"; (3) "whether the disposition of the action would, as a practical matter, impair or impede the intervenor's ability to protect that interest"; and (4) "whether the intervenor's interest was inadequately represented by the existing defendants."

Id. (quoting Ing v. Acceptance Ins. Co., 76 Hawaiʻi 266, 271, 874 P.2d 1091, 1096 (1994)).

Hayworth does not present any cognizable legal authority supporting his claim of an interest in the Property.  See State v. Kaulia, 128 Hawaiʻi 479, 487, 291 P.3d 377, 385 (2013) (cleaned up) ("Whatever may be said regarding the lawfulness of its origins, the State of Hawaiʻi is now, a lawful government.  Individuals claiming to be citizens of the Kingdom and not of the State are not exempt from application of the State's laws."); Bank of N.Y. Mellon v. Velez, No. CAAP-12-0000433, 2013 WL 2149695, at *1 (App. May 16, 2013) (SDO) ("Our appellate courts have repeatedly held that claims involving the applicability of the Kingdom of Hawaiʻi laws are without merit.").  The Circuit Court was not wrong in denying the Motion to Intervene.  See Hoopai, 106 Hawaiʻi at 216, 103 P.3d at 376.

4

We construe Hayworth's Motion to Rehear as a motion for reconsideration. "The trial court's ruling on a motion for reconsideration is reviewed under the abuse of discretion standard." Ass'n of Apartment Owners of Wailea Elua v. Wailea Resort Co., 100 Hawaiʻi 97, 110, 58 P.3d 608, 621 (2002).

> [T]he purpose of a motion for reconsideration is to allow the parties to present new evidence and/or arguments that could not have been presented during the earlier adjudicated motion. Reconsideration is not a device to relitigate old matters or to raise arguments or evidence that could and should have been brought during the earlier proceeding.

Cho v. State, 115 Hawaiʻi 373, 384, 168 P.3d 17, 28 (2007) (alteration in original) (quoting Sousaris v. Miller, 92 Hawaiʻi 505, 513, 993 P.2d 539, 547 (2000)).

Here, Hayworth's Motion to Rehear did not "present new evidence and/or arguments that could not have been presented" in his earlier Motion to Intervene. Id. The Circuit Court did not abuse its discretion by denying the Motion to Rehear. See Ass'n of Apartment Owners of Wailea Elua, 100 Hawaiʻi at 110, 58 P.3d at 621.

For the foregoing reasons, we affirm the (1) "Order Denying Motion to Intervene and Set Aside, Filed October 28, 2019 and Striking of Answer and Counterclaim Filed on October 28, 2019"; and (2) "Order Denying Non-Party John Hayworth's Motion to Rehear Motion to Intervene and Set Aside Filed October 28, 2019" both filed on July 6, 2020 by the Circuit Court of the First Circuit.

DATED: Honolulu, Hawaiʻi, June 21, 2023.

On the briefs:

John Hayworth,
Applicant for Intervention-
Appellant.

Justin S. Moyer
for Plaintiff-Appellee.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Karen T. Nakasone
Associate Judge