**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-18-0000439**
**27-MAR-2024**
**08:00 AM**
**Dkt. 161 SO**

NO. CAAP-18-0000439

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

PROSPECT CO., LTD.
Plaintiff/Counterclaim Defendant-Appellee, v.
SCD ML II, LLC; STANFORD CARR DEVELOPMENT, LLC,
Defendants/Counterclaim Plaintiffs/
Counterclaim Defendants-Appellants, and
P L DEVELOPMENT, LLC, Counterclaim Defendant/
Counterclaim Plaintiff-Appellee, and
STANFORD CARR, Counterclaim Defendant-Appellee, and
JOHN DOES 1-50; JANE DOES 1-50; DOE CORPORATIONS 1-50;
DOE PARTNERSHIPS 1-50; and DOE ENTITIES 1-50, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 3CC17100250K)

SUMMARY DISPOSITION ORDER
(By: Leonard, Acting Chief Judge, McCullen and Guidry, JJ.)

This appeal concerns a foreclosure on two construction loans for a residential development project (**Project**). Project developers Defendant-Appellant/Counterclaim-Plaintiff/Third-Party Plaintiff SCD ML II, LLC (**SCD ML II**) and Defendant-Appellant/ Counterclaim-Plaintiff/Third-Party Plaintiff/Counterclaim-Defendant Stanford Carr Development, LLC (**Stanford Carr**) (collectively, **Appellants**) appeal from the following orders entered by the Circuit Court of the Third Circuit (**Circuit**

**Court**):[1]  (1) March 21, 2018 Order Granting [Plaintiff-Appellee/
Counterclaim-Defendant/Third-Party Plaintiff/Fourth-Party
Plaintiff/Counterclaim-Plaintiff] Prospect Co., Ltd. [(**Prospect**)]
and [Third-Party Defendant-Appellee/Fourth-Party Plaintiff] PL
Development LLC's [(**PL's**)] Motion to Dismiss First Amended
Counterclaim (**Dismissal Order**); (2) April 6, 2018 Order Granting
[Prospect's] Motion for Partial Summary Judgment, and/or Default
Judgment, and for Interlocutory Decree of Foreclosure
(**Foreclosure Decree**);[2] and (3) April 25, 2018 Order Denying [SCD
ML II] and [Stanford Carr's] Motion for Reconsideration of [the
Foreclosure Decree] (**Order Denying Reconsideration**).

Appellants raise three points of error on appeal,
contending that the Circuit Court erred when it entered:  (1) the
Dismissal Order; (2) the Foreclosure Decree; and (3) the Order
Denying Reconsideration.

Upon careful review of the record and the briefs
submitted by the parties, and having given due consideration to
the arguments advanced and the issues raised by the parties, we
resolve Appellants' points of error as follows:

We review an award of summary judgment *de novo*, which
is "appropriate where there is no genuine issue as to the
material fact and the moving party is entitled to judgment as a
matter of law." U.S. Bank, N.A. v. Mattos, 140 Hawaiʻi 26, 30,
398 P.3d 615, 619 (2017) (citation omitted).  In granting or

---

[1]     The Honorable Robert D.S. Kim presided.

[2]     On February 26, 2024, upon temporary remand from this court, the
Circuit Court entered a judgment on the Foreclosure Decree (**Foreclosure
Judgment**) under Hawaiʻi Rules of Civil Procedure (**HRCP**) Rules 54(b) and 58.

denying summary judgment, the court views all the evidence and inferences in the light most favorable to the non-moving party. Bank of Am., N.A. v. Reyes-Toledo, 139 Hawai'i 361, 367 n.9, 390 P.3d 1248, 1254 n.9 (2017). We review the denial of a motion for reconsideration for abuse of discretion, which occurs when the trial court "clearly exceeded the bounds of reason or disregarded rules or principles of law or practice to the substantial detriment of a party litigant." Taqupa v. Taqupa, 108 Hawai'i 459, 465, 121 P.3d 924, 930 (App. 2005) (citation omitted).

(1) Appellants challenge the Dismissal Order. We begin by recognizing that an appeal from a foreclosure judgment brings up for review all interlocutory orders not appealable directly as of right which deal with issues in the case[,] which may include the prior dismissal of a counterclaim that concerned issues involving the foreclosure. Reyes-Toledo, 139 Hawai'i at 372, 390 P.3d at 1259. Here, in the Dismissal Order, the Circuit Court dismissed the First Amended Counterclaim (**FACC**)[3] with leave to amend. Appellants then re-raised the same seven counts in a Second Amended Counterclaim, albeit supported by additional factual allegations, along with one count for unjust enrichment. "[A]n amended petition supercedes the original petition and renders the original petition of no legal effect." Beneficial Haw., Inc. v. Casey, 98 Hawai'i 159, 167, 45 P.3d 359, 367 (2002); e.g., Jou v. Siu, CAAP-12-0000119, 2013 WL 1187559, *2 (Haw. App. Mar. 22, 2013) (mem. op.) (holding that a motion to

---

[3]     The FACC is actually a first amended counterclaim against Prospect and first amended third-party claim against PL. See **HRCP** Rule 14.

dismiss the original complaint became moot once the plaintiff filed an amended complaint). As the Dismissal Order did not conclusively decide any claims, it is not properly before this court on appeal from the Foreclosure Judgment.

(2) Appellants contend that Prospect is not entitled to foreclose on the subject mortgage debt because it failed to disprove the affirmative defense of "unclean hands." See Ocwen Fed. Bank, FSB v. Russell, 99 Hawaiʻi 173, 183, 53 P.3d 312, 322 (App. 2002) ("If the defense produces material in support of an affirmative defense, the plaintiff is then obligated to disprove an affirmative defense in moving for summary judgment[.]") (citation and quotation marks omitted); Shinn v. Edwin Yee, Ltd., 57 Haw. 215, 231, 553 P.2d 733, 744 (1976) (under the defense of unclean hands, a party may not profit by his or her own misconduct). Specifically, Appellants contend SCD ML II expended funds and completed much of the Project's construction in reliance on Prospect's "commitments" to facilitate further Project funding by, *inter alia*, softening and extending the terms of its own construction loans and subordinating them to any new construction loan SCD ML II obtained. Prospect later sought to impose additional conditions related to its granting of such financial assistance—giving it control over the disbursement of funds—to which SCD ML II took exception. After SCD ML II defaulted on the Prospect loans, the parties continued to negotiate, but they failed to reach an agreement, and Prospect filed suit. Prospect and PL counter that Appellants failed to produce evidence supporting the unclean hands defense, as

Prospect's so-called "commitments" were merely preliminary negotiations between sophisticated parties, and they have no effect on Prospect's entitlement to foreclose.

"Mortgage foreclosure is a proceeding equitable in nature and is thus governed by the rules of equity." Beneficial Haw., Inc. v. Kida, 96 Hawaiʻi 289, 312, 30 P.3d 895, 918 (2001) (citations omitted). Appellants' arguments nonetheless fail. Appellants rely primarily on Bank of Am., N.A. v. Yeh, CAAP-16-0000128, 2017 WL 2829276 *1 (Haw. App. June 29, 2017) (SDO). There, the borrower pointed to evidence in the record that the foreclosing lender induced him to stop making payments in order to qualify for loan modification, even though the lender's own records revealed that the borrower did not qualify for one, which ultimately caused him to default on the loan. Id. at *3. This court held that the evidence of the inducement to stop making payments revealed a genuine issue of material fact as to whether the lender acted in good faith, which precluded granting summary judgment on the foreclosure claim. Id.

However, the circumstances of this case are perhaps more akin to Bank of Am., N.A. v. Corporex Realty & Inv. Corp., 661 F. App'x 305 (6th Cir. 2016). The lender therein, Bank of America, directed the borrower, Corporex, to "'hold off' on alternative funding, maintaining that [it] could offer a 'better deal.'" Id. at 307-08. Subsequently, Bank of America sent Corporex a notice of default, after which, the parties continued to negotiate. Id. at 308. Bank of America suggested a loan extension, and the parties agreed to "basic extension terms," but

Corporex objected to certain "new terms." Id. Following an impasse, Bank of America filed for foreclosure and prevailed on summary judgment. Id. at 309. On appeal, the Sixth Circuit Court rejected Corporex's fraudulent inducement defense. Id. at 313-14. It indicated that the evidence "reveals unsuccessful negotiations between two sophisticated parties, not a secret plot by [Bank of America] to feign negotiations in an attempt to drag the loans into default," and that Bank of America merely "negotiated from a position of strength and refused to extend the loan on less-than-favorable terms." Id. at 313.

Here, the borrowers are sophisticated developers, and Appellants produced no evidence indicating that Prospect either induced SCD ML II to cease making loan payments under false pretenses, or feigned its prior willingness to facilitate additional funding in order to lure SCD ML II into default, either of which might tend to establish the affirmative defense of unclean hands, shifting the burden of proof back to Prospect. On the record before us, we conclude that the Circuit Court did not err in granting summary judgment on Prospect's foreclosure claim.

(3) Finally, Appellants challenge the Order Denying Reconsideration, but failed to raise any issues or arguments that were not presented earlier. We conclude that the Circuit Court did not abuse its discretion in denying reconsideration.

For these reasons, the Circuit Court's February 26, 2024 Foreclosure Judgment, April 6, 2018 Foreclosure Decree, and April 25, 2018 Order Denying Reconsideration are affirmed.

Appellants' appeal from the March 21, 2018 Dismissal Order is dismissed without prejudice.

DATED: Honolulu, Hawaiʻi, March 27, 2024.

On the briefs:

William Meheula,
Natasha L.N. Baldauf,
(Sullivan Meheula Lee, LLLP),
for SCD ML II, LLC and STANFORD
 CARR DEVELOPMENT, LLC,
 Defendants/Counterclaim
 Plaintiffs/Counterclaim
 Defendants-Appellants.

Simon Klevansky,
Alika L. Piper,
Elaine T. Chow,
(Klevansky Piper, LLP),

     and

Francis L. Jung,
Carol Monahan Jung,
(Jung & Vassar, P.C.),
for PROSPECT CO. LTD.,
 Plaintiff/Counterclaim
 Defendant-Appellee and
 P L DEVELOPMENT LLC,
 Counterclaim Defendant/
 Counterclaim Plaintiff/Appellee.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Sonja M.P. McCullen
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge