**Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000398
17-MAY-2024
07:54 AM
Dkt. 54 SO**

NO. CAAP-19-0000398

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR MORGAN STANLEY ABS CAPITAL I INC. TRUST 2006-HE3, Plaintiff-Appellee,
v.
MAPUANA FANGA MAʻILEI; FILIPE ULOI MAʻILEI, Defendants-Appellants;
UNITED STATES OF AMERICA; EM ASSOCIATES INC., DBA STATE WIDE COLLECTIONS, Defendants-Appellees,
and
JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10; DOE ENTITIES 1-10 and DOE GOVERNMENTAL UNITS 1-10, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1CC071001214)

**SUMMARY DISPOSITION ORDER**
(By: Leonard, Acting Chief Judge, Hiraoka and Nakasone, JJ.)

Mapuana Fanga Maʻileʻi and Filipe Uloi Maʻileʻi (the **Maʻileʻis**), representing themselves, appeal from the **"Order** Granting Plaintiff's Motion for Reissuance of Writ of Possession" and the **"Reissued Writ** of Possession," both entered by the Circuit Court of the First Circuit on May 22, 2019.[1]  We affirm.

**Deutsche Bank** National Trust Company filed a complaint for foreclosure against the Maʻileʻis on July 2, 2007.  A **Foreclosure Judgment** was entered on January 21, 2010.  The Maʻileʻis didn't appeal.  The property was sold at public auction.

---

[1]     The Honorable Jeannette H. Castagnetti presided.

A **Judgment Confirming Sale** was entered on July 26, 2011. The Maʻileʻis didn't appeal. Deutsche Bank moved for reissuance of a writ of possession on March 4, 2019. The Order and the Reissued Writ were entered on May 22, 2019. This appeal followed.[2]

We must first address Deutsche Bank's contention that we lack jurisdiction because the Order is not a final order and wasn't certified for interlocutory appeal. The Order was entered after the circuit court entered the Judgment Confirming Sale; it was a post-judgment order. A post-judgment order is appealable under Hawaii Revised Statutes (**HRS**) § 641-1(a) if the order ends the post-judgment proceeding, leaving nothing further to be done. Ditto v. McCurdy, 103 Hawaiʻi 153, 157, 80 P.3d 974, 978 (2003). The Order and Reissued Writ meet these criteria. We have appellate jurisdiction.

**(1)** The Maʻileʻis argue that the circuit court erred by reissuing the writ of possession because they were never served with Deutsche Bank's foreclosure complaint. The record shows that substitute service on the Maʻileʻis was effected on October 30, 2007, through Pipiena Maka, who signed both acknowledgments of service. See Hawaiʻi Rules of Civil Procedure (**HRCP**) Rule 4(d)(1)(A). The Maʻileʻis did not move to vacate the Foreclosure Judgment under HRCP Rule 60(b). See Beneficial Haw., Inc. v. Casey, 98 Hawaiʻi 159, 45 P.3d 359 (2002) (analyzing HRCP Rule 60(b) motion filed eleven months after foreclosure decree entered). Issues about service of the foreclosure complaint are not properly before us in this appeal from the Reissued Writ. See Mortg. Elec. Registration Sys., Inc. v. Wise, 130 Hawaiʻi 11, 304 P.3d 1192 (2013) (mortgagors who didn't appeal from foreclosure judgment couldn't challenge mortgagee's standing to foreclose in appeal from order confirming sale).

---

[2]     The Maʻileʻis' opening brief does not comply with Rule 28 of the Hawaiʻi Rules of Appellate Procedure. However, self-represented litigants who fail to comply with court rules are not foreclosed from appellate review if we can discern their arguments. See Erum v. Llego, 147 Hawaiʻi 368, 380-81, 465 P.3d 815, 827-28 (2020).

**(2)** The Maʻileʻis argue that Deutsche Bank lacked standing to foreclose. They did not raise this issue in an appeal from the Foreclosure Judgment. They cannot raise the issue in this appeal. Wise, 130 Hawaiʻi at 19, 304 P.3d at 1200.

**(3)** The Maʻileʻis argue that the circuit court erred by reissuing an expired writ. The circuit court's July 26, 2011 order granting Deutsche Bank's motion to confirm the foreclosure sale directed issuance of a writ of possession. The Maʻileʻis cite no authority showing that the circuit court lacked jurisdiction or authority to enforce its order confirming the sale. There was no error. See HRS §§ 603-21.5(a)(3), 603-21.9(6).

For these reasons, the "Order Granting Plaintiff's Motion for Reissuance of Writ of Possession" and the "Reissued Writ of Possession[,]" both entered on May 22, 2019, are affirmed.

DATED: Honolulu, Hawaiʻi, May 17, 2024.

On the briefs:

Mapuana Fanga Maʻileʻi,
Filipe Uloi Maʻileʻi,
Self-represented
Defendants-Appellants.

Jesse W. Schiel,
Nicholas R. Monlux,
Jesse D. Franklin-Murdock,
for Plaintiff-Appellee.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Karen T. Nakasone
Associate Judge