**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-21-0000400
30-DEC-2024
07:51 AM
Dkt. 101 SO**

NO. CAAP-21-0000400

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

THE BANK OF NEW YORK MELLON formerly known as THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWABS, INC. ASSET-BACKED CERTIFICATES, SERIES 2006-11, Plaintiff-Appellee,
v.
BRENDA MERLE WHITE; ASSOCIATION OF APARTMENT OWNERS OF KUMELEWAI COURT; MILILANI TOWN ASSOCIATION, Defendants-Appellees,
and
GABI KIM COLLINS, Defendant-Appellant,
and
JOHN DOES 1-20; JANE DOES 1-20; DOE CORPORATIONS 1-20; DOE ENTITIES 1-20; AND DOE GOVERNMENTAL UNITS 1-20, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1CC181000644)

**SUMMARY DISPOSITION ORDER**
(By: Hiraoka, Presiding Judge, Nakasone and McCullen, JJ.)

Gabi Kim **Collins**, representing herself,[1] appeals from the March 22, 2021 **Judgment** for The **Bank** of New York Mellon entered by the Circuit Court of the First Circuit.[2]  She

---

[1]  Collins' opening brief does not comply with Rule 28(b) of the Hawai'i Rules of Appellate Procedure.  To promote access to justice, we do not automatically foreclose self-represented litigants from appellate review because they don't comply with court rules.  Erum v. Llego, 147 Hawai'i 368, 380-81, 465 P.3d 815, 827-28 (2020).  We address Collins' arguments to the extent we can discern them.

[2]  The Honorable Jeannette H. Castagnetti presided.

challenges the circuit court's March 22, 2021 findings, conclusions, and decree of foreclosure.  We affirm.

In 2006, Brenda Merle **White** signed a promissory **Note** to **Countrywide** Home Loans, Inc.  The Note was secured by a **Mortgage** on White's **Property** in Mililani.  The Mortgage was assigned to Bank's predecessor.  White defaulted on the Note in 2008.

The AOAO Kumelewai Court judicially foreclosed its lien for unpaid assessments and fees against the Property in 2015. **Ainamakua** Properties LLC acquired the Property on April 2, 2015, by commissioner's deed.  Ainamakua quitclaimed the Property to Collins on May 18, 2015.

Bank filed a mortgage foreclosure complaint against White, Collins, and others on April 26, 2018, and an amended complaint on April 3, 2020.  On March 22, 2021, the circuit court entered findings of fact, conclusions of law, and an order foreclosing the Mortgage.  The court found and concluded that Bank's lien was senior to Collins' interest in the Property.  The Judgment was also entered on March 22, 2021.  Collins moved to stay enforcement of the Judgment.  A stay order was entered on June 17, 2021; it conditioned a stay on Collins posting a supersedeas bond.[3]  This appeal followed.  We review a grant of summary judgment de novo.  Nozawa v. Operating Engineers Local Union No. 3, 142 Hawaiʻi 331, 338, 418 P.3d 1187, 1194 (2018). We address Collins' arguments in the order made in her opening brief.

**(1)**  Collins argues: the statute of limitations applicable to White's default under the Note is Hawaii Revised Statutes (**HRS**) § 657-1 (six years); Bank recorded a notice of intention to foreclose under power of sale on July 24, 2008; the foreclosure complaint was untimely filed on April 26, 2018, over six years after White's default.

---

[3]     Collins filed a "Notice of Posting Bond" on July 13, 2021, but the receipt attached to the notice indicates she tendered a check instead of a supersedeas bond.  Collins makes no argument challenging the order conditioning a stay upon her posting a supersedeas bond.

Collins is correct that HRS § 657-1 applies to actions to recover on a debt based on a contract (such as the Note). But "[a] foreclosure action is a legal proceeding to gain title or force a sale of the property for satisfaction of a note that is in default and secured by a lien on the subject property." Bank of Am., N.A. v. Reyes-Toledo, 139 Hawaiʻi 361, 368, 390 P.3d 1248, 1255 (2017). "[T]he statute of limitations on actions 'to recover possession of any lands, or make any entry thereon,' under HRS § 657-31 [is] most analogous to a foreclosure action, as opposed to an action to recover a debt[.]" Bowler v. Christiana Tr., No. CAAP-16-0000728, 2018 WL 4659562, at *8 (Haw. App. Sept. 28, 2018) (mem. op.), cert. denied, SCWC-16-0000728, 2019 WL 951008 (Haw. Feb. 26, 2019). The limitation period under HRS § 657-31 (2016) is twenty years. Bank's mortgage foreclosure action was not time-barred.

**(2)** Collins argues that Bank lacked standing to foreclose. Bank showed that it held the indorsed-in-blank Note, through counsel, when its foreclosure complaint was filed. Reyes-Toledo, 139 Hawaiʻi at 368, 390 P.3d at 1255. Bank also showed it continued to hold the Note, through counsel, when it moved for summary judgment. Bank established standing to foreclose the Mortgage.

**(3)** Collins argues that Bank didn't satisfy a condition precedent to its right to foreclose the Mortgage. She argues that the September 20, 2019 notices of default "failed to give notice" because they were "sent after the foreclosure was active[.]"[4] The notices told White that "[f]ailure to cure the default on or before October 23, 2019 may result in acceleration of the sums secured by the [Mortgage] and sale of the property, unless a loss mitigation alternative to foreclosure has been started." That language complied with section 22 of White's Mortgage. The amended complaint was filed on April 3, 2020,

---

[4] Identical notices were mailed to the Property and to White's last known address.

after the stated deadline to cure the default on the Note.  The amended complaint superseded the original complaint and rendered the original of no legal effect.  <u>Beneficial Haw., Inc. v. Casey</u>, 98 Hawaiʻi 159, 167, 45 P.3d 359, 367 (2002).  Bank satisfied the condition precedent to its right to foreclose the Mortgage.

The circuit court's Judgment, entered on March 22, 2021, is affirmed.

DATED: Honolulu, Hawaiʻi, December 30, 2024.

On the briefs:

Gabi Kim Collins,
Self-represented
Defendant-Appellant.

Patricia J. McHenry,
Michi Momose,
for Plaintiff-Appellee
The Bank of New York Mellon
formerly known as The Bank
of New York, as Trustee for
the Certificateholders of
CWABS, Inc. Asset-Backed
Certificates, Series 2006-11.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Karen T. Nakasone
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge