**Electronically Filed
Intermediate Court of Appeals
CAAP-22-0000394
03-JUN-2025
08:10 AM
Dkt. 247 SO**

NO. CAAP-22-0000394

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

THE BANK OF NEW YORK MELLON, FKA THE BANK OF NEW YORK,
AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWALT, INC.
ALTERNATIVE LOAN TRUST 2006-12CB, MORTGAGE PASS-THRU
CERTIFICATES SERIES 2006-12CB, Plaintiff-Appellee, v.
GABI K. COLLINS, Defendant-Appellant, and
ASSOCIATION OF APARTMENT OWNERS OF KEMOO BY THE LAKE;
DONALD COURTNEY BROWN; JOHN DOES 1-20; JANE DOES 1-20;
DOE CORPORATIONS 1-20; DOE ENTITIES 1-20; AND
DOE GOVERNMENTAL UNITS 1-20, Defendants-Appellees.

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 1CC161001062)

SUMMARY DISPOSITION ORDER
(By: Leonard, Acting Chief Judge, McCullen and Guidry, JJ.)

Self-represented Defendant-Appellant Gabi Kim **Collins**
appeals from the Circuit Court of the First Circuit's March 10,
2022 judgment entered on an interlocutory decree of foreclosure
(**Judgment**).[1] On appeal, Collins raises five points of error
(**POE**) challenging the foreclosure decree in favor of Plaintiff-

---

[1] The Honorable Gary W.B. Chang presided.

Appellee The Bank of New York Mellon fka the Bank of New York, as Trustee for the Certificateholders of CWALT, Inc. Alternative Loan Trust 2006-12CB, Mortgage Pass-Thru Certificates Series 2006-12CB (**BONY**).[2]

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the issues raised and the arguments advanced, we resolve the points of error as discussed below, and affirm.

**(1)** Collins first contends the circuit "court gravely erred when it determined that [BONY] had satisfied the requirements of standing at inception, in regards to both BONY and the purported servicers" (POE 1).[3] (Formatting altered.) Collins thus argues that summary judgment "was in error due to failure to prove standing." (Formatting altered.)

A person is entitled to enforce an instrument when the person is "the holder of the instrument." Hawaiʻi Revised

_____

[2] However, we deem POE 2 waived as no argument on this point was presented in the argument section of Collins's opening brief. Hawaiʻi Rules of Appellate Procedure Rule 28(b)(7) ("Points not argued may be deemed waived."). In POE 2, Collins contends the circuit "court gravely erred when it failed to view the factual evidence for [summary judgment] in light most favorable to the person opposing the motion, which was [Collins]." (Formatting altered.)

[3] Collins also challenges standing by asserting the assignment of mortgage was void as Countrywide "was out of business"; "the Note reveals alterations and endorsement fraud"; "BONY took opposing positions in two different courts"; "BONY's acceptance of $8.5B settlement barred its claims"; "power of attorneys invalid and failed to grant authority to servicer"; and "servicer's counterfeit loan numbers rejected[.]" (Formatting altered.) After review, we determine these assertions did not raise genuine issues of material fact as to BONY's standing to foreclose.

Statutes (**HRS**) § 490:3-301 (2008). A promissory note is a negotiable instrument, and a lender is entitled to enforce the note if it is the holder. See Bank of Am., N.A. v. Reyes-Toledo, 139 Hawaiʻi 361, 369, 369 n.14, 370-71, 390 P.3d 1248, 1256, 1256 n.14, 1257-58 (2017). The foreclosing party may establish it is the holder of a note by showing that its agent physically possessed the note. See generally U.S. Bank Tr., N.A. as Tr. for LSF9 Master Participation Tr. v. Verhagen, 149 Hawaiʻi 315, 317, 327-28, 489 P.3d 419, 421, 431-32 (2021). We review the grant of summary judgment de novo. U.S. Bank N.A. v. Mattos, 140 Hawaiʻi 26, 30, 398 P.3d 615, 619 (2017).

To establish it possessed the promissory note (**Note**) when it filed the complaint, BONY attached the following to its second motion for summary judgment:

1. An Affidavit of Bank of America, N.A. (**BANA**) as Master Servicer, in which the declarant, Assistant Vice President Nichole Renee Williams, testified that BANA's records confirm that BANA transmitted the original blank-indorsed Note to BONY's counsel, The Mortgage Law Firm (**TMLF**), at their California office on or about June 5, 2012. The testimony was supported by a "Transmittal Report" and "Instance Summary[,]" confirming the transfer.

2.  A declaration of Sylvia Meregillano (**Meregillano**), custodian of records for TMLF. Meregillano testified that TMLF received the original blank-indorsed Note on June 28, 2012, before the complaint was filed, and that TMLF was still in possession of the Note on April 21, 2017, after the complaint was filed. An April 21, 2017 "Bailee Letter - Updated" from TMLF, acknowledging TMLF's possession of the original blank-indorsed Note on that date, supported the testimony.

3.  A declaration of Document Coordinator Sandra Burgess, an employee of Bayview Loan Servicing, LLC (**Bayview**), the sub-servicer of the subject mortgage (**Mortgage**), testifying that Bayview's records indicated TMLF had possession of the original blank-indorsed Note on June 1, 2016, the date the complaint was filed. A June 5, 2012 Document Transmittal Report, confirming TMLF's possession of the Note on June 5, 2012, supported the testimony.

4.  A declaration of Document Coordinator Keli Smith, another Bayview employee, testifying that a "Complaint Checklist prepared and executed by Bayview on April 12, 2016," two months before the complaint was filed, confirms that "the original Note for this loan

was in" TMLF's possession at that time.  The Complaint Checklist was also attached as an exhibit.

This evidence supported a finding that BONY's counsel physically possessed the blank-indorsed Note when BONY filed the June 1, 2016 foreclosure complaint.  In other words, BONY established it had standing to file the complaint.

Thus, the circuit court did not err in granting BONY's motion for summary judgment.

**(2)**  Related to standing, Collins contends the circuit "court gravely erred when it granted a foreclosure to an Imposter who lacked standing and authority, after eliminating the trial on the merits, the [summary judgment] hearing" (POE 3).  (Formatting altered.)  Collins argues her right to "fair process" was prejudiced when the Honorable Jeanette Castagnetti was replaced by the Honorable Gary Chang, who "cancelled the trial and then cancelled the [summary judgment] hearing[.]"

"The requirements of due process are flexible and depend on many factors, but there are certain fundamentals of just procedure which are the same for every type of tribunal and every type of proceeding."  Peak Capital Grp., LLC v. Perez, 141 Hawaiʻi 160, 178, 407 P.3d 116, 134 (2017) (citation omitted).  "The basic elements of procedural due process are notice and an opportunity to be heard at a meaningful time and in a meaningful manner."  Id. (citation omitted).  Questions concerning

procedural due process are reviewed de novo.  <u>Bank of Hawaii v.</u>
<u>Kunimoto</u>, 91 Hawaiʻi 372, 387, 984 P.2d 1198, 1213 (1999).

Collins filed a memorandum in opposition to BONY's
motion for summary judgment.  Collins also had notice of, and
presented argument at, the initial hearing on the motion for
summary judgment.  The hearing was continued, but before the
hearing took place, the circuit court converted the motion to a
non-hearing motion pursuant to the authority the supreme court
granted in response to the COVID-19 pandemic.

And, as discussed above, BONY demonstrated there was
no genuine issue as to whether it had standing to file the
complaint.  Because BONY demonstrated it had standing to file
the complaint and Collins's memorandum in opposition and
argument did not show a genuine issue of material fact existed,
the circuit court properly determined trial was no longer
necessary.  <u>See generally</u> <u>Mattos</u>, 140 Hawaiʻi at 30, 398 P.3d at
619.  Collins moreover does not identify the evidence or assert
the argument(s) she intended to raise at the hearing to defeat
the summary judgment motion.

Thus, the circuit court did not violate Collins's
right to due process.

**(3)**  Collins next contends the circuit "court gravely
erred when it sanctioned [her] regarding the meet and confer,
which was a harsh and unreasonable penalty, which allowed [BONY]

to escape having to prove standing" (POE 4). (Formatting altered.)

Hawaiʻi Rules of Civil Procedure (**HRCP**) Rule 37(a)(2) provides that a motion compelling discovery "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court action." To obtain an order compelling discovery under HRCP Rule 37(a)(2), which may subject the non-movant to penalties for non-compliance, the movant must first show that an effort was made to secure the information or material without court action. See HRCP Rule 37(a)(2), (b). We review a trial court's ruling on a motion to compel discovery for an abuse of discretion. Bank of New York Mellon v. Lemay, 137 Hawaiʻi 30, 33, 364 P.3d 928, 931 (App. 2015).

Collins moved to compel discovery from BONY, which the circuit court denied without prejudice because Collins failed to "establish a satisfactory record" that she had met and conferred with BONY regarding the requested discovery before filing the motion. A month and a half after the circuit court denied her first motion to compel, Collins again moved to compel discovery from BONY, which the circuit court denied, this time with prejudice, because Collins "did not contact opposing counsel for plaintiff to confer or attempt to confer" regarding the

requested discovery before filing the motion and the discovery cutoff had closed.

Under these circumstances, the circuit court did not abuse its discretion.

**(4)** Finally, Collins contends the circuit "court gravely erred by failing to apply the 6 year" statute of limitation (POE 5). (Formatting altered.) Collins argues her "debt expired six years after acceleration" of the loan. (Formatting altered.)

The application of the statute of limitations is reviewed de novo. See generally Est. of Roxas v. Marcos, 121 Hawaiʻi 59, 66, 214 P.3d 598, 605 (2009). In Bowler v. Christiana Trust, a Division of Wilmington Savings Fund Society, FSB, 143 Hawaiʻi 235, 426 P.3d 459, No. CAAP-16-0000728, 2018 WL 4659562, at *8 (App. Sept. 28, 2018) (mem. op.), this court held that the "statute of limitations on actions 'to recover possession of any lands, or make any entry thereon,' under HRS § 657-31 [is] most analogous to a foreclosure action, as opposed to an action to recover a debt," thus, "a mortgagee may foreclose on the mortgage after the [six-year] statute of limitations has run on an action to recover on the underlying note, except that the mortgagee is not entitled to a deficiency judgment against the debtor."

The "limitation period under HRS § 657-31 (2016) is twenty years."  <u>Bank of New York Mellon v. White</u>, 155 Hawaiʻi 255, 562 P.3d 176, No. CAAP-21-0000400, 2024 WL 5245129, at *1 (App. Dec. 30, 2024) (SDO) (ruling on similar issue where Collins was also a party), <u>cert. granted</u>, No. SCWC-21-0000400.

Thus, the circuit court did not err in applying the twenty-year statute of limitation.

Based on the foregoing, we affirm the circuit court's March 10, 2022 Judgment.

DATED:  Honolulu, Hawaiʻi, June 3, 2025.

| On the briefs: | /s/ Katherine G. Leonard |
| --- | --- |
| | Acting Chief Judge |
| Gabi Kim Collins, | |
| Defendant-Appellant, pro se. | /s/ Sonja M.P. McCullen |
| | Associate Judge |
| Charles R. Prather, | |
| Robin Miller, | /s/ Kimberly T. Guidry |
| Sun Young Park, | Associate Judge |
| Peter T. Stone, | |
| for Plaintiff-Appellee. | |