**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-22-0000421
04-JUN-2025
07:56 AM
Dkt. 77 SO**

NO. CAAP-22-0000421

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR BNC MORTGAGE LOAN
TRUST 2007-1 MORTGAGE PASSTHROUGH CERTIFICATES,
SERIES 2007-1, A NATIONAL ASSOCIATION,
Plaintiff/Counterclaim Defendant-Appellee, v.
CARROL E. HALL; Defendant/Counterclaimant-Appellant,
PIILANI HOMEOWNERS ASSOCIATION; DAVID J. HIGHT; THOMAS GILLIGAN;
SHARON GILLIGAN; STATE OF HAWAIʻI – DEPARTMENT OF TAXATION;
Defendants-Appellees, and
DOES 1 through 20, Inclusive, Defendants.

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CASE NO. 2CC171000419(2))

SUMMARY DISPOSITION ORDER
(By: Leonard, Acting Chief Judge, Wadsworth and McCullen, JJ.)

Defendant/Counterclaimant-Appellant Carrol E. **Hall**

appeals from the Circuit Court of the Second Circuit's[1] June 23,

2022 Judgment entered on an interlocutory decree of foreclosure

in favor of Plaintiff/Counterclaim Defendant-Appellee U.S. Bank

National Association, as Trustee for BNC Mortgage Loan Trust

---

[1] The Honorable Peter T. Cahill presided.

2007-1 Mortgage Passthrough Certificates, Series 2007-1, a National Association (**U.S. Bank**).

After Hall purportedly failed to make payments due under the **Note** and **Mortgage**, U.S. Bank gave notice in 2009 that it intended to foreclose on the Mortgage and filed a foreclosure complaint in 2013. That complaint was dismissed, but final judgment was ultimately set aside.

In 2015, U.S. Bank sent Hall a notice of default (**2015 Default Notice**). In 2017, U.S. Bank filed a new foreclosure complaint, creating the underlying case.

In 2018, U.S. Bank moved for summary judgment, which the circuit court granted in part, finding that U.S. Bank established that Hall received a loan in exchange for executing the Note and Mortgage, Hall was in default under the Note and Mortgage, U.S. Bank "elected to treat the entire amount as immediately due and payable[,]" and U.S. Bank "qualifie[d] as the holder of the Note with standing to prosecute" because it was in possession of the blank-indorsed Note when it filed the complaint.

The circuit court also denied in part the motion for summary judgment, finding that U.S. Bank failed to establish "that the amounts set forth" in its notice of acceleration "were accurate[,]" and that the declarant who attempted to authenticate the acceleration notice "had sufficient knowledge

to attest to the accuracy of the amounts[.]" The circuit court explained it would reconsider the partial denial upon U.S. Bank's submission of "additional admissible evidence[.]"

In 2020, U.S. Bank sent Hall a notice of default and de-acceleration, informing Hall she was in default but U.S. Bank had "de-accelerat[ed]" the loan, and that if she cured the default by paying the past-due amounts within 33 days of the date of the notice, U.S. Bank would dismiss the foreclosure action (**2020 Default and De-acceleration Notice**). (Emphasis omitted.) After the circuit court granted it leave to file an amended complaint, U.S. Bank filed a first amended complaint, seeking a foreclosure but not a deficiency judgment.

U.S. Bank again moved for summary judgment; the circuit court granted the motion and entered an interlocutory decree of foreclosure with a corresponding judgment. On appeal, Hall raises four points of error challenging the foreclosure decree.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the issues raised and the arguments advanced, we resolve the points of error as discussed below, and affirm.

**(1)** First, Hall contends the circuit court erred in determining U.S. Bank provided proper notice. Hall argues the 2015 Default Notice did not comply with the Mortgage's terms

because it did not inform her of her "right to bring a court action" to challenge the foreclosure. (Emphasis omitted.)

"In order to prove entitlement to foreclose, the foreclosing party must demonstrate that all conditions precedent to foreclosure under the note and mortgage are satisfied and that all steps required by statute have been strictly complied with." Bank of Am., N.A. v. Reyes-Toledo, 139 Hawaiʻi 361, 367, 390 P.3d 1248, 1254 (2017).

Section 22 of the Mortgage required the lender to inform Hall that she had a "right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale"; the 2015 Default Notice noted she "ha[d] the right to assert in court the non-existence of a default or any other defense to acceleration and foreclosure." (Formatting altered.) Assuming *arguendo* the 2015 Default Notice failed to comply with Section 22, U.S. Bank nonetheless cured any notice defect by sending the 2020 Default and De-acceleration Notice, and thereafter filing the amended complaint. See generally Hanalei, BRC Inc. v. Porter, 7 Haw. App. 304, 310, 760 P.2d 676, 680 (1988) (indicating a mortgagee's premature filing of a complaint may be cured by filing an amended complaint when its cause of action accrues).

**(2)** Hall also contends the six-year statute of limitations barred U.S. Bank's claim. This court has previously

4

determined that the twenty-year statute of limitations applies to an action to foreclose on a mortgage, regardless of the limitations period applicable to an action to recover on a debt based on a corresponding promissory note. See Bank of New York Mellon as Tr. for Certificateholders of CWABS, Inc. Asset-Backed Certs., Series 2006-11 v. White, 155 Hawaiʻi 255, 562 P.3d 176, No. CAAP-21-0000400, 2024 WL 5245129, at *1 (App. Dec. 30, 2024) (SDO), cert. granted, No. SCWC-21-0000400, 2025 WL 1412448 (Haw. May 15, 2025). U.S. Bank's foreclosure claim was not time-barred.

**(3)** Hall further contends the circuit court abused its discretion in (a) striking the report of William J. Paatalo (**Paatalo**) and (b) denying her request for a continuance.

(a) Hall argues that "Mr. Paatalo's knowledge, skill, experience, training, and education were set forth extensively in his report, and his report was offered in accordance with" Hawaiʻi Rules of Evidence (**HRE**) Rule 702. (Footnote omitted.)

HRE Rule 702 allows the admission of expert testimony to assist the trier of fact:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify thereto in the form of an opinion or otherwise. In determining the issue of assistance to the trier of fact, the court may consider the trustworthiness and validity of the scientific technique or mode of analysis employed by the proffered expert.

5

However, when expert reports simply consist of conclusory opinions or legal conclusions, they provide "no assistance to the [fact finder], and therefore should not be admitted" pursuant to HRE Rule 702.  Exotics Hawaii-Kona, Inc. v. E.I. Du Pont De Nemours & Co., 116 Hawaiʻi 277, 305 n.14, 172 P.3d 1021, 1049 n.14 (2007) (citation omitted).

Paatalo's report did not identify any verifiable "scientific technique or mode of analysis" Paatalo employed in reaching his conclusions.  Rather, it assessed credibility, and provided conclusory opinions and legal conclusions as to whether U.S. Bank established standing to foreclose.  Thus, the circuit court did not abuse its discretion in striking Paatalo's report.

(b)  Hall argues the circuit court should have granted her a continuance pursuant to Hawaiʻi Rules of Civil Procedure (**HRCP**) Rule 56(f) to seek discovery.

Under HRCP Rule 56(f), the circuit court may order a continuance to permit discovery:

> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

In opposing U.S. Bank's second summary judgment motion, Hall argued Paatalo identified "a number of genuine issues of material fact relating to" U.S. Bank's standing to

foreclose which warranted further discovery. However, the record indicates the circuit court decided that U.S. Bank established standing to foreclose in a previous order, and Hall did not seek reconsideration of that order. Thus, the circuit court did not abuse its discretion in declining to grant an HRCP Rule 56(f) continuance.

**(4)** Finally, Hall contends the circuit court erred in relying on the law of the case doctrine to preclude it from revisiting prior rulings.

The supreme court explained in PennyMac Corp. v. Godinez that the law of the case doctrine may be invoked with respect to the trial court's own rulings:

> A fundamental precept of common-law adjudication is that an issue once determined by a competent court is conclusive. . . . This general principle of finality and repose is embodied in the law of the case doctrine, which provides that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case. . . . Accordingly, the circuit court was within its discretion to leave an issue it had already decided undisturbed.
>
> We have previously addressed the law of the case doctrine only as applied by lower courts on remand after an appeal. . . . The doctrine can also be invoked by a trial court with respect to its own rulings, and in that instance, the doctrine is discretionary and operates as a presumption against reconsideration.

148 Hawaiʻi 323, 331, 474 P.3d 264, 272 (2020) (cleaned up and emphasis added).

At the hearing on the 2022 summary judgment motion, Hall sought to revisit the issue of U.S. Bank's standing to

foreclose, which the circuit court previously decided in U.S. Bank's favor in its 2019 summary judgment order.  The circuit court declined to revisit whether U.S. Bank held the note when the foreclosure action was filed because U.S. Bank satisfied its burden.  Therefore, the circuit court did not abuse its discretion.

Based on the foregoing, we affirm the circuit court's June 23, 2022 Judgment.

DATED:  Honolulu, Hawaiʻi, June 4, 2025.

On the briefs:

Frederick J. Arensmeyer,
for Defendant-Appellant.

David B. Rosen,
for Plaintiff-Appellee.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge