NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-24-0000626**
**30-APR-2026**
**07:51 AM**
**Dkt. 52 SO**

NO. CAAP-24-0000626

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

U.S. BANK NATIONAL ASSOCIATION, a National Banking Association as Trustee for SARM 05-19XS, Plaintiff-Appellee,
v.
DYLAN THEDE, Defendant-Appellant, and
ASSOCIATION OF APARTMENT OWNERS OF VILLAS ON THE PRINCE; PRINCEVILLE II COMMUNITY ASSOCIATION; MEB LOAN TRUST II; U.S. BANK NATIONAL ASSOCIATION, not in its Individual Capacity but Solely as Trustee; BANK OF AMERICA, N.A., Defendants-Appellees
and JOHN DOES 1-50; JANE DOES 1-50; DOE PARTNERSHIPS 1-50; DOE CORPORATIONS 1-50; DOE ENTITIES 1-50; and DOE GOVERNMENTAL UNITS 1-50, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(CASE NO. 5CC121000114)

## SUMMARY DISPOSITION ORDER
(By: Nakasone, Chief Judge, Hiraoka and Wadsworth, JJ.)

Dylan **Thede** appeals from the August 29, 2024 *Judgment* for U.S. **Bank** NA entered by the Circuit Court of the Fifth Circuit.[1]  We affirm.

Bank sued Thede to foreclose a mortgage.  The circuit court granted Bank's motion for summary judgment and decree of foreclosure.  Thede appealed.  We vacated and remanded, holding that Bank did not establish standing to foreclose.  U.S. Bank v. Thede, No. CAAP-17-0000926, 2020 WL 1686161 (Haw. App. April 6, 2020) (SDO).

---

[1]    The Honorable Randal G.B. Valenciano presided.

Bank amended its complaint on June 1, 2023. It again moved for summary judgment and a decree of foreclosure. The circuit court granted the motion and entered the Judgment. Thede appeals.

We review a circuit court's grant of summary judgment *de novo*. Wells Fargo Bank v. Behrendt, 142 Hawaiʻi 37, 41, 414 P.3d 89, 93 (2018).

**(1)** Thede argues the circuit court "erred in holding that the applicable date for determining whether US Bank and its predecessor had possession of the note was the date of the first amended complaint . . . rather than the date the original complaint was filed[.]"

A "foreclosing plaintiff must establish its standing to bring a lawsuit at the commencement of the proceeding[.]" U.S. Bank Trust v. Verhagen, 149 Hawaiʻi 315, 327, 489 P.3d 419, 431 (2021). Thede argues that even though Bank filed an amended complaint, it still had to prove it was a holder of Thede's note when the original complaint was filed. The argument lacks merit. An amended complaint supercedes the original complaint, which then has no legal effect. Beneficial Haw., Inc. v. Casey, 98 Hawaiʻi 159, 167, 45 P.3d 359, 367 (2002).

Thede does not argue that Bank didn't show it was a holder of his note when its amended complaint was filed. The circuit court did not err by concluding that Bank had standing to foreclose. U.S. Bank v. Swink, No. CAAP-23-0000017, 2025 WL 2093151, at *2 (Haw. App. July 25, 2025) (SDO), cert. granted, SCWC-23-0000017, 2025 WL 3488334 (Haw. Dec. 4, 2025).

**(2)** Thede argues Bank's incorporated records were inadmissible because Bank didn't establish they were trustworthy. Bank's incorporated records were authenticated by Maria **Ayala**'s declaration. Ayala was employed by Bank's attorney in fact, Nationstar. She stated:

> The information regarding the Loan transferred to Nationstar from the Prior Servicer has been validated in many ways, including, but not limited to, going through a due diligence phase, review of hard copy documents, and review of the payment history and accounting of other fees, costs, and expenses charged to the loan by Prior Servicer.

Ayala's testimony established circumstances indicating the trustworthiness of the incorporated records. Verhagen, 149 Hawaiʻi at 326, 489 P.3d at 430.

**(3)** Thede argues "Bank cannot show that the default letter was mailed to Mr. Thede." The record contains two default letters to Thede: one from Countrywide dated April 16, 2009, and another from Nationstar dated November 29, 2022.

Thede argues Countrywide's letter wasn't authenticated because "the Ayala declaration does not adequately explain how she is familiar with the record-keeping system of Countrywide[.]" Thede misreads Verhagen. There, the supreme court held "when an entity incorporates records prepared by another entity into its own records, they are admissible as business records of the incorporating entity provided that it relies on the records, there are other indicia of reliability, and the requirements of HRE Rule 803(b)(6) are otherwise satisfied." 149 Hawaiʻi at 325, 489 P.3d at 429 (italics added). Thus,

> when a record is treated as created by the receiving business, a person is qualified to authenticate it if the person has enough familiarity with the record-keeping system of the business that created the record, i.e., *the receiving or incorporating business*. Accordingly, a person may be qualified to authenticate an incorporated record even if the person lacks familiarity with the records or record-keeping practices of the entity that <u>actually</u> created the record.

Id. (italics added) (cleaned up).

Ayala's declaration authenticated the Countrywide letter. Even if it hadn't, Bank's amended complaint was filed after the deadline for Thede to cure his default stated in Nationstar's default letter. Bank of N.Y. Mellon v. White, No. CAAP-21-0000400, 2024 WL 5245129, at *2 (Haw. App. Dec. 30, 2024) (SDO), aff'd, 156 Hawaiʻi 246, 573 P.3d 629 (2025). Bank satisfied the condition precedent to its right to foreclose either way.

**(4)** Thede argues Countrywide's assignment of his mortgage to Bank wasn't valid. Thede lacks standing to challenge

the assignment of his mortgage.  <u>U.S. Bank v. Salvacion</u>, 134 Hawaiʻi 170, 175, 338 P.3d 1185, 1190 (App. 2014).

What's more, Bank was not required to show a valid assignment of the mortgage because the mortgage follows the note. <u>See</u> <u>Bank of Am., N.A. v. Reyes-Toledo</u>, 139 Hawaiʻi 361, 371 n.17, 390 P.3d 1248, 1258 n.17 (2017) (recognizing "the security follows the debt").

At any rate, Thede argues that Countrywide "merged into Bank of America" a year before the assignment was executed. Countrywide didn't sign the assignment; MERS did.  Thede's mortgage states that MERS is the "nominee for Lender [Countrywide] and Lender's successors and assigns."  On this record, the assignment was valid.

**(5)**  Thede challenges the circuit court's findings of fact nos. 12, 13, and 15.  They are supported by substantial evidence in the record and are not clearly erroneous.  <u>Cowan v. Exclusive Resorts PBL1, LLC</u>, 156 Hawaiʻi 268, 272, 574 P.3d 288, 292 (2025).

Thede challenges conclusions of law nos. 4, 7, 9, and 11.  Those determinations are actually mixed findings of fact and conclusions of law.  They are not clearly erroneous and correctly apply the law.  <u>Id.</u>

The August 29, 2024 *Judgment* is affirmed.

DATED: Honolulu, Hawaiʻi, April 30, 2026.

On the briefs:

Keith M. Kiuchi,
for Defendant-Appellant
Dylan Thede.

Matthew P. Holm,
for Plaintiff-Appellee
U.S. Bank National
Association, a National
Banking Association as
Trustee for SARM 05-19XS.

/s/ Karen T. Nakasone
Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge